ATTORNEY GENERAL OF TEXAS

GREG ABBOTT

January 19, 2005

Mr. Gary L. Warren Sr.
Executive Director
Texas Commission on Fire Protection
Post Office Box 2286
Austin, Texas 78768-2286

Opinion No. GA-0296

Re: Whether the Texas Commission on Fire Protection may provide reimbursement for room and board as part of a Fire Department Emergency Program tuition scholarship for students who attend a training school (RQ-0255-GA)

Dear Mr. Warren:

You ask whether the Texas Commission on Fire Protection (the "Commission") may provide reimbursement for room and board as part of a Fire Department Emergency Program (the "FDEP") tuition scholarship for students who attend a training school.[1]

Subchapter C of chapter 419, Government Code, establishes the FDEP "to promote efficient fire protection for the residents of this state by providing to eligible local fire departments and public fire-fighting organizations . . . scholarships and grants to better educate and train their members." TEX. GOV'T CODE ANN. § 419.052(2) (Vernon 1998). The Commission is directed to, *inter alia*, "administer the fire department emergency program as provided by this subchapter and commission rules . . . [and] adopt rules for the administration of this subchapter." *Id.* § 419.053(a)(1), (3). "The rules adopted under Subsection (a)(3) must include rules establishing criteria to be used in the evaluation of applications for grants and loans with the assistance of staff." *Id.* § 419.053(b). The FDEP "is created to provide scholarships, grants, loans, and other financial assistance to eligible local fire departments and other public fire-fighting organizations." *Id.* § 419.055. "A local fire department or other public fire-fighting organization may apply in writing to the commission for a scholarship, grant, loan, or other financial assistance." *Id.* § 419.059(a). The Commission is required by rule to "prescribe the form of the application and the procedure for submitting and processing the application." *Id.* § 419.059(c). Section 419.054 provides for the establishment of a "funds allocation advisory committee . . . composed of six members," three of whom are appointed by the State Firemen's and Fire Marshals' Association of Texas, and three of whom are appointed by the Texas State Association of Fire Fighters. *Id.* § 419.054(a). The function of the committee is to "review and evaluate all applications for financial assistance under this subchapter," and to

[1]*See* Letter from Gary L. Warren Sr., Executive Director, Texas Commission on Fire Protection, to Honorable Greg Abbott, Texas Attorney General (July 15, 2004) (on file with Opinion Committee, *also available at* http://www.oag.state.tx.us) [hereinafter Request Letter].

"recommend to the commission which applications should be approved and which applications should be disapproved." *Id.* § 419.054(d). "If the commission does not concur with the committee's recommendation, the commission shall indicate to the committee the reasons that the commission did not concur with the recommendation and return the applications regarding which the commission did not concur to the committee for further review and evaluation." *Id.*

With regard to scholarships and grants for education and training, section 419.058 of the Government Code provides:

> (a) The commission may award scholarships and grants to an eligible local fire department or other public fire-fighting organization. A local fire department or other public fire-fighting organization may use a scholarship or grant awarded under this subchapter only to educate and train its members to more effectively meet the members' fire-fighting responsibilities.
>
> (b) *The commission by rule shall establish guidelines for determining eligibility for a grant or scholarship under this subchapter and for determining the amount that the commission may award to an eligible local fire department or other public fire-fighting organization.* To be eligible for a scholarship or grant, a local fire department or other public fire-fighting organization must establish to the satisfaction of the commission that without a scholarship or grant the local fire department would be unable to adequately train and educate its members.
>
> (c) The commission by rule shall determine the types of educational and training programs for which the commission may award a scholarship or grant under this subchapter.

*Id.* § 419.058 (emphasis added). In reviewing an application for a scholarship or other financial assistance, the Commission must consider, in addition to criteria established by its own rules, the following factors:

> (1) the purpose or purposes for which the applicant would use the scholarship, grant, loan, or other financial assistance;
>
> (2) the needs of that applicant as compared to the needs of other eligible applicants;
>
> (3) the financial need of the applicant for the money;
>
> *(4) the availability of other money to the applicant; and*

> *(5) the ability of the applicant to finance its activities without a state scholarship, grant, loan, or other financial assistance.*

*Id.* § 419.060 (emphasis added). Finally, section 419.063 imposes certain limitations on the Commission's awarding of scholarships, grants, loans, and other financial assistance, none of which are applicable here. *See id.* § 419.063.

You indicate that the Commission awards scholarships

> in the form of a $600 grant, which provides reimbursement for tuition, and room and board to entities for their fire fighters who attend Texas Engineering Extension Service (TEEX) annual fire fighting schools. The $600 amount is based on actual 2003 costs for an individual to attend the five-day TEEX Annual Municipal School training at the College Station campus. These costs include $350 for tuition, $150 for a dormitory room, and $100 for a cafeteria meal ticket at the TEEX facility. However, if the individual chooses to stay and eat at a place other than a TEEX facility, then FDEP will make a reimbursement for room and board receipts up to $250.

Request Letter, *supra* note 1, at 1. You state that, because "[m]any of the fire fighters who are awarded these scholarships are volunteers who must leave their regular jobs to attend the schools," the Commission has for several years regarded room and board as "an essential part of providing the education and training under this statute." *Id.* You first ask whether the Commission is authorized "to include room and board reimbursement as part of an FDEP tuition scholarship for individual students attending a training school." *Id.* at 2.

A state agency may exercise only those powers expressly conferred, together with those that may necessarily be implied from the powers expressly granted. *See Pub. Util. Comm'n v. City Pub. Serv. Bd.*, 53 S.W.3d 310, 315-16 (Tex. 2001). Subchapter C of chapter 419 of the Government Code does not expressly authorize the Commission to include the cost of room and board as part of the scholarship awarded to fire fighters to attend the annual fire fighters training school, nor does the statute provide any guidelines for determining what expenses may be included. Rather, section 419.058(b) directs the "commission by rule [to] establish guidelines . . . for determining the amount that the commission may award to an eligible local fire department or other public fire-fighting organization." TEX. GOV'T CODE ANN. § 419.058(b) (Vernon 1998). In our view, this provision implicitly authorizes the Commission to determine that the cost of room and board is an integral part of any scholarship. As you note, many of the scholarships are awarded to volunteer fire fighters who must leave their regular jobs to attend the program. We believe that the Commission may reasonably conclude that paying the cost of room and board would increase the number of fire fighters who attend the training program, and thus fulfill the statute's mandate to promote "efficient fire protection for the residents of this state." *Id.* § 419.052.

You also state that the Texas Forest Service (the "TFS") provides tuition for some fire fighters to attend TEEX annual schools, but does not provide reimbursement to these fire fighters

for room and board. *See* Request Letter, *supra* note 1, at 1. You ask whether the Commission may "fund room and board for fire fighters who attend the TEEX annual schools under a TFS tuition-only scholarship." *Id.* at 1-2.

In our opinion, the Commission may do so. As we have concluded, the Commission may pay the cost of room and board for those fire fighters to whom *the Commission* grants scholarships because room and board may be viewed as an integral part of training. But the Commission is also authorized to consider, among other factors listed in section 419.060 of the Government Code, "the availability of other money to the applicant." TEX. GOV'T CODE ANN. § 419.060(4) (Vernon 1998). If the Commission may reasonably conclude, as we have stated, that paying the cost of room and board would increase the number of fire fighters who attend the training program and thus fulfill the statute's mandate to promote "efficient fire protection for the residents of this state," *see id.* § 419.052, there appears to be no reason to deny the Commission the authority to pay for room and board where the cost of tuition is paid by an outside source. So long as the Commission determines that providing room and board is integral to providing access to training and education and that providing only for room and board would increase the number of fire fighters who attend the training program, the Commission is authorized to pay such costs.

## S U M M A R Y

The Texas Commission on Fire Protection is authorized to provide reimbursement for room and board as part of a Fire Department Emergency Program tuition scholarship for students who attend a training school. The Commission may, in addition, fund room and board for fire fighters who attend the school under a Texas Forest Service tuition-only scholarship.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General for Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee